IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,346-01 AND WR-72,346-02






EX PARTE PETER JAMES CURRY, Applicant








ON APPLICATION FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 06CR2853-F AND 06CR3543-F 
IN THE 214TH JUDICIAL DISTRICT COURT FROM NUECES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts of
aggravated sexual assault of a child in the -01 cause, and a single count of burglary of a habitation
in the -02 cause, and originally received ten years' deferred adjudication community supervision in
both cases. Applicant's guilt was later adjudicated, and he was sentenced to ten years' imprisonment
in both cases. He did not appeal his convictions.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
when he asked counsel to see the discovery packets, counsel told him that he did not need them
because the jury had already set his punishment. Applicant alleges that counsel later told him that
the judge had given him a ten-year sentence before he ever went to court. Although the habeas
record contains an affidavit from Applicant's adjudication counsel, there is no affidavit from the
attorney who represented him at the original pleas.

 Although Applicant's allegations are somewhat confusing and conclusory, Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's
trial counsel with the opportunity to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's original trial counsel
consulted with Applicant, advised him of his options, and consulted with him prior to the entry of
the pleas. The trial court shall make findings as to whether the performance of Applicant's original
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 26, 2009

Do not publish